UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CASSANDRA D. RILEY-TULL,

                               Plaintiff,

                                                                              Case # 16-CV-151-FPG

v.

                                                                             DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING
COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

       Cassandra D. Riley-Tull ("Riley-Tull" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

       Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

       On April 30, 2013, Riley-Tull protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr. 187-97.[2] She alleged that she had been disabled since March 12, 2011, due to irritable bowel syndrome ("IBS"), lower back pain, and asthma. Tr. 211. On March 10, 2015, Riley-Tull and a vocational expert ("VE") testified at a hearing before

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

[2]     References to "Tr." are to the administrative record in this matter.

Administrative Law Judge Robert T. Harvey ("the ALJ"). Tr. 31-60. On May 19, 2015, the ALJ issued a decision finding that Riley-Tull was not disabled within the meaning of the Act. Tr. 13-23. On January 27, 2016, the Appeals Council denied Riley-Tull's request for review. Tr. 1-6. Thereafter, Riley-Tull commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

2

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

I.      **The ALJ's Decision**

The ALJ's decision analyzed Riley-Tull's claim for benefits under the process described above. At step one, the ALJ found that Riley-Tull had not engaged in substantial gainful activity since the alleged onset date. Tr. 16. At step two, the ALJ found that Riley-Tull has the following severe impairments: asthma, IBS, migraines, and Crohn's disease. Tr. 16-17. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 17.

Next, the ALJ determined that Riley-Tull retained the RFC to perform light work[3] with additional limitations. Tr. 17-22. Specifically, the ALJ found that Riley-Tull can sit for two hours and stand or walk for six hours in an eight hour workday; cannot work around unprotected heights or heavy, moving, or dangerous machinery; cannot climb ropes, ladders, or scaffolds; must avoid exposure to excessive heat and cold and to excessive pulmonary irritants; and can occasionally bend, stoop, kneel, and crawl. Tr. 17-18.

At step four, the ALJ relied on the VE's testimony and found that this RFC allows Riley-Tull to perform her past relevant work as a housekeeper/cleaner and cashier. Tr. 22. Accordingly, the ALJ concluded that Riley-Tull was not "disabled" under the Act. Tr. 23.

---

[3]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

**II.     Analysis**

Riley-Tull argues that remand is required because the ALJ failed to develop the record.[4] ECF No. 11-1, at 12-16; ECF No. 13, at 3-7. Specifically, Riley-Tull asserts that the ALJ erred when he failed to obtain an RFC opinion from her treating physicians Heather Pleskow, M.D. ("Dr. Pleskow") and Norman O. Fiorica, M.D. ("Dr. Fiorica"). The Court agrees.

The ALJ has an affirmative duty to develop the administrative record due to the "essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Specifically, the ALJ must develop a claimant's "complete medical history" for at least the 12 months preceding the month in which the claimant filed his or her application. 20 C.F.R. §§ 404.1512(b), 416.912(b). The ALJ must "make every reasonable effort" to help the claimant get medical reports from his or her medical sources as long as the claimant has permitted the ALJ to do so. *Id.* Remand is warranted if the ALJ fails to fulfill his or her duty to develop the record. *Pratts*, 94 F.3d at 39. On the other hand, where there are no "obvious gaps" in the record and a "complete medical history" exists, the ALJ is not obligated to seek additional evidence. *Rosa*, 168 F.3d at 79 n.5.

The SSA's regulations provide that "[a]lthough [the SSA] will request a medical source statement about what [the claimant] can still do despite [his or her] impairment(s), the lack of the medical source statement will not make the report incomplete." 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6) (effective June 13, 2011 to Sept. 2, 2013). The regulations further explain that medical reports should include a statement about what the claimant can still do despite his or her impairments. *Id.*

---

[4]    Riley-Tull advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No. 11-1, at 16-22; ECF No. 13, at 7-9. However, the Court will not address those arguments because it disposes of this matter based on the ALJ's failure to develop the record.

Here, the record contains two medical opinions. Riley-Tull's former treating physician Pravin V. Mehta, M.D ("Dr. Mehta") opined that she could work up to four hours a day and needed bathroom access at all times. Tr. 439. The ALJ afforded only "little weight" to that opinion because it was rendered before Riley-Tull's alleged disability onset date and the ALJ found that it was not well explained or supported by the record. Tr. 22 (citing Tr. 437-39).

Additionally, consultative examiner Hongbiao Liu, M.D. ("Dr. Liu") opined that Riley-Tull is mildly limited in prolonged walking, bending, and kneeling, and that she should avoid dust and other irritating factors to limit asthma attacks. Tr. 362. The ALJ gave this opinion "partial weight" because although he found it "generally consistent with the results of the consultative examination, and [Riley-Tull]'s medical records," the ALJ concluded that "Dr. Liu's notation of 'mild limitations' is vague, and does not give out specific functional limitations." Tr. 22 (citing Tr. 359-62).

Regardless of whether the ALJ properly discounted these opinions, his rejection of the only medical opinions as to Riley-Tull's physical capabilities left a significant gap in the record. *See Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the ALJ's rejection of the only medical opinion created a "significant and obvious gap in the evidentiary record" because "the record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original). Moreover, the ALJ was not entitled to formulate the RFC assessment based on the medical records alone because "[a]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted).

Riley-Tull argues that the rejection of these opinions, without further developing the record or obtaining an RFC assessment from a treating physician, is especially problematic because the RFC does not adequately account for her asthma. Specifically, Riley-Tull asserts that the ALJ's finding that she needs to avoid only *excessive* pulmonary irritants is not supported by substantial evidence. The Court agrees.

Dr. Liu opined that Riley-Tull "should avoid dust and other irritating factors." Tr. 362. Riley-Tull argues that this means complete avoidance of pulmonary irritants, yet the ALJ found that she needed to avoid only *excessive* pulmonary irritants. Although the ALJ found that Dr. Liu's opinion was entitled to only "partial weight," he did not explain why the environmental limitation included in the RFC differed from Dr. Liu's finding. *See Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (noting that if the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted") (quoting S.S.R. 96-8p, Policy Interpretation Ruling Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)).

This unexplained inconsistency is particularly harmful because the degree to which Riley-Tull can tolerate pulmonary irritants directly impacts her employability. As Social Security Ruling ("S.S.R.") 85-15 explains, "[w]here a person has a medical restriction to avoid *excessive* amounts of noise, dust, etc., *the impact on the broad world of work would be minimal* because most job environments do not involve great noise, amounts of dust, etc." S.S.R. 85-15, Titles II & XVI: Capability to do Other Work—The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, 1985 WL 56857, at *8 (S.S.A. Jan. 1, 1985) (emphasis added). On the other hand, however, "[w]here an individual can tolerate *very little* noise, dust, etc., *the impact on the ability to work would be considerable* because very few job

environments are entirely free of irritants, pollutants, and other potentially damaging conditions." *Id.* (emphasis added). Thus, Riley-Tull might be rendered disabled if she must avoid pulmonary irritants altogether. As a result of this conflict, the Court cannot conclude that the ALJ's environmental limitation is supported by substantial evidence.

S.S.R. 85-15 also explains that "[w]here the environmental restriction falls between very little and excessive, resolution of the issue will generally require consultation of occupational reference materials or the services of a [VE]." *Id.* When the ALJ questioned the VE at Riley-Tull's hearing, however, he only inquired as to the jobs an individual could perform if he or she "could not work in areas where [he or she] would be exposed to *excessive* pulmonary irritants." Tr. 57 (emphasis added). The ALJ did not ask what jobs, if any, would be available to an individual who could tolerate very little pulmonary irritants or could tolerate some amount of exposure in between very little and excessive. As mentioned previously, the ALJ's finding that Riley-Tull must avoid only excessive exposure to pulmonary irritants is not supported by substantial evidence. Thus, the VE's answer to the ALJ's hypothetical question does not provide substantial evidence for the ALJ's step four finding that Riley-Tull can perform her past relevant work. *See McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) ("An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as there is substantial record evidence to support the assumption[s] upon which the vocational expert based his opinion, and accurately reflect the limitations and capabilities of the claimant involved[.]") (quotation marks and citations omitted).

The Commissioner asserts that the record is adequately developed and that the ALJ's failure to obtain treating source opinions does not require remand. ECF No. 12-1, at 16-20. The Commissioner relies on *Tankisi v. Commissioner of Social Security*, 521 F. App'x 29 (2d Cir.

2013) (summary order), wherein the Second Circuit rejected the plaintiff's contention that the ALJ's failure to request an RFC statement from a treating physician automatically requires remand. The Second Circuit reasoned that the SSA's regulations suggest that "remand is not always required when an ALJ fails in his duty to request opinions, particularly where . . . the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi*, 521 F. App'x at 34 (citations omitted).

This case, however, is distinguishable from the circumstances in *Tankisi*. There, although the administrative record did not contain "formal opinions" from the plaintiff's treating physicians, a treating source had otherwise assessed the plaintiff's limitations. *Id.* Here, remand is required because Drs. Pleskow and Fiorica did not provide any type of assessment as to Riley-Tull's ability to work. *See, e.g.*, *Swanson v. Colvin*, No. 12-CV-645S, 2013 WL 5676028, at *5 (W.D.N.Y. Oct. 17, 2013) (distinguishing *Tankisi* and concluding that the ALJ failed to develop the record where it lacked a formal or informal RFC assessment by a treating source). Moreover, the ALJ rejected the opinion of Riley-Tull's former treating physician Dr. Mehta. Tr. 22 (citing Tr. 437-39).

Finally, neither the ALJ's decision nor the record as a whole indicates that the ALJ requested RFC assessments from Riley-Tull's treating physicians or that those requests went unanswered. Under these circumstances, and for the reasons stated above, remand is required. *See Gee v. Colvin*, No. 13-CV-6396 EAW, 2014 WL 4924102, at *10 (W.D.N.Y. Sept. 30, 2014) (citations omitted).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this

matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: June 30, 2017
       Rochester, New York

                                HON. FRANK P. GERACI, JR.
                                Chief Judge
                                United States District Court